IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **HENRY D. GANTT AND MICHAEL W. STOUT, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | Civil Action No. _____ |
| **vs.** | |
| **EXPRESS OIL CHANGE, LLC,** | Jury Trial Demanded |
| **Defendant.** | |

## COMPLAINT

Plaintiffs Henry D. Gantt ("Gantt") and Michael W. Stout ("Stout") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, bring this Complaint against Express Oil Change, LLC ("Express Oil"), and shows the Court as follows:

### *Introduction*

1.

This is an FLSA overtime action in which Plaintiffs allege that Defendant, an oil change and auto maintenance company, violated the FLSA with a common policy and practice of failing to pay their employees overtime at the legally required rate. Specifically, Plaintiffs allege that Defendant failed to include the

commissions earned by Plaintiffs and others in calculating the regular rate of pay. As a result, Defendant paid Plaintiffs and the class they seek to represent, less than the legally required overtime pay rate for each and every overtime hour worked by them in the past three years.  Plaintiffs seek earned but unpaid overtime wages under 29 U.S.C. §§ 207, 15(a)(2) and 16 of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) both on their own behalf and on behalf of other similarly situated employees and former employees of Defendant Express Oil.

2.

Plaintiffs ask this Court to certify a class of similarly situated employees, to wit, all employees whose compensation was/is based in part on a commission basis who have worked more than 40 hours in a workweek at any time in the three years prior to the date this action was filed ("the Relevant Time Period") and who consent in writing to their inclusion in a collective action. These persons include, but are not limited to, those persons holding any of the following job titles: Pit Technician, Hood Technician, and Automotive Service Manager. ("the Proposed Class").

3.

Plaintiffs request relief for the Proposed Class because all those persons in the Proposed Class as defined in paragraph 2 herein were treated in a similar manner with respect to their compensation and in the violations of the FLSA.

4.

Gantt's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "A".

5.

Stout's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "B".

### Jurisdiction and Venue

5.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

### The Parties

5.

Gantt resides in Paulding County, Georgia.

6.

Stout resides in Cherokee County, Georgia.

7.

At all times material hereto, Express Oil has owned and operated an oil change and automotive repair company located at 3209 Cobb Parkway, NW, Kennesaw, Georgia 30152.

8.

The 3209 Cobb Parkway, NW, location is referred to by Express Oil as the Acworth Store.

9.

At all times material hereto, Express Oil has owned and operated an oil change and automotive repair company located at 170 Village Center W, Woodstock, Georgia 30188

10.

The 170 Village Center location is referred to by Express Oil as the Ragsdale Store.

11.

At all times material hereto, Express Oil has owned and operated an oil change and automotive repair company located at 3001 Parkbrooke Circle, Woodstock, Georgia 30189.

12.

The 3001 Parkbrooke Circle location is referred to by Express Oil as the Towne Lake Store.

13.

Express Oil is a corporation organized under the laws of the State of Delaware.

14.

Express Oil Change & Tire Engineers is one of the leading automotive service providers in the South with over 200 locations across thirteen states.

15.

At all times relevant to this action, Express Oil has been authorized to do business in the State of Georgia.

16.

Express Oil can be served via its registered agent Business Filings Incorporated at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

17.

Express Oil is subject to the personal jurisdiction of this Court.

***Enterprise Coverage***

18.

At all times material hereto, Express Oil has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

19.

At all times material hereto, two or more employees of Express Oil, including Plaintiffs, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, engine oil, engine parts, tires, credit card terminals, office supplies, tools, and furniture.

20.

In 2013, Express Oil had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

In 2014, Express Oil had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

In 2015, Express Oil had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

In 2016, Express Oil had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

24.

During 2013, Express Oil had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2014, Express Oil had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2015, Express Oil had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

27.

During 2016, Express Oil had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

28.

During 2013, Express Oil had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.

During 2014, Express Oil had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

30.

During 2015, Express Oil had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

During 2016, Express Oil had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

At all times material hereto, Express Oil has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### *Statutory Employer Allegations*

33.

Gantt worked for Express Oil as a "Automotive Service Manager" from approximately June 2013 through September 10, 2016 at both the Ragsdale and Acworth locations.

34.

At all times material hereto, Express Oil was an "employer" of Gantt as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

35.

At all times material hereto Gantt was an "employee" of Express Oil as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

36.

Stout worked for Express Oil as a "Pit Technician" and a "Hood Technician" beginning in 2013 at the Ragsdale store.

37.

Stout also worked for Express Oil as a "Hood Technician" in 2014 at the Town Lake store on Parkbrooke Circle.

38.

At all times material hereto, Express Oil was an "employer" of Stout as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

39.

At all times material hereto Stout was an "employee" of Express Oil as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

## COMMON FACTUAL ALLEGATIONS

40.

Plaintiffs Gantt and Stout were not exempt from the maximum hour requirements of the FLSA by reason of any exemption during the Relevant Time Period.

41.

At all times in the Relevant Time Period, Express Oil classified Plaintiffs Gantt and Stout as non-exempt from the maximum hour requirements of the FLSA.

42.

At all times in the Relevant Time Period, Express Oil compensated Plaintiffs Gantt and Stout, at least partially, on an hourly basis.

43.

Those employees in the Proposed Class, including those employees holding the following job titles Pit Technician, Hood Technician, and Automotive Service Manager were not exempt from the maximum hour requirements of the FLSA

44.

At all times material hereto, Express Oil classified those persons in the Proposed Class as non-exempt from the maximum hour requirements of the FLSA.

45.

At all times material hereto, Express Oil compensated those persons in the Proposed Class on, at least partially, an hourly basis.

46.

At all times material hereto, Express Oil did not employee Plaintiffs nor those in the Proposed Class in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

47.

At all times material hereto, Express Oil did not employ Plaintiffs nor those in the Proposed Class in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

48.

At all times material hereto, Express Oil did not employ Plaintiffs nor those in the Proposed Class in bona fide executive capacity within the meaning of 29 USC § 213 (a).

49.

At all times material hereto, Express Oil did not employ Plaintiffs nor those in the Proposed Class in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

50.

In addition to their hourly based compensation, Plaintiffs Gantt and Stout were paid commissions based on the income of their store location(s) during the Relevant Time Period.

51.

Express Oil compensated those employees in the "Pit Technician" position, at least partially, on a commission basis during the Relevant Time Period.

52.

Express Oil compensated those employees in the "Hood Technician" position, at least partially, on a commission basis during the Relevant Time Period.

53.

Express Oil compensated those employees in the "Automotive Service Manager" position, at least partially, on a commission basis during the Relevant Time Period.

54.

In addition to their hourly based compensation, those persons in the Proposed Class were also paid commissions based on the income of their store location at all time material hereto.

55.

Gant regularly worked more than forty hours as an employee of Express Oil during the Relevant Time Period.

56.

Stout regularly worked more than forty hours as an employee of Express Oil during the Relevant Time Period.

57.

Those persons in the Proposed Class also worked more than forty hours as an employee of Express Oil during the Relevant Time Period.

58.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

59.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

60.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

61.

During the Relevant Period, Express Oil failed to calculate a regular rate for Plaintiffs and the class they seek to represent by dividing the sum total of the commission earned and other earnings by the total hours they worked during each work week.

62.

During the Relevant Period, Express Oil failed to pay Plaintiffs and the members of the Proposed Class at one-and-one-half times their proper regular rates, including commissions, for work performed in excess of forty (40) hours per week.

**COUNT I — FAILURE TO PAY OVERTIME AS TO GANTT**

63.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

64.

At all times material hereto, Gantt was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

65.

During the Relevant Time Period, Gantt regularly worked in excess of forty (40) hours each week.

66.

During the Relevant Period, Express Oil failed to compensate Gantt at the proper regular rate for work in excess of 40 hours in any week because his commission payments were not included in the regular rate calculation. This failure resulted in Gantt being paid less than time and one half of his regular rate for each overtime hour worked each workweek.

67.

During the Relevant Period, Express Oil willfully failed to compensate Gantt at the proper regular rate for work in excess of 40 hours in any week because his commission payments were not included in the regular rate calculation.

68.

Gant is, therefore, entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), as well as entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C, and

his reasonable attorney's fees and costs in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT II — FAILURE TO PAY OVERTIME AS TO STOUT

69.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

70.

At all times material hereto, Stout was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

71.

During the Relevant Time Period, Stout regularly worked in excess of forty (40) hours each week.

72.

During the Relevant Period, Express Oil failed to compensate Stout at the proper regular rate for work in excess of 40 hours in any week because his commission payments were not included in the regular rate calculation. This failure resulted in Stout being paid less than time and one half of his regular rate for each overtime hour worked each workweek.

73.

During the Relevant Period, Express Oil willfully failed to compensate Stout at the proper regular rate for work in excess of 40 hours in any week because his commission payments were not included in the regular rate calculation.

74.

Stout is, therefore, entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), as well as entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C, and his reasonable attorney's fees and costs in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT III – COLLECTIVE ACTION ALLEGATIONS

75.

The allegations in all previous paragraphs are incorporated by reference as if fully set out herein.

76.

At all times during the three years prior to the filing of this Complaint, Defendant violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the Proposed Class by failing to include their commissions in the calculation of the regular rate. This failure resulted in each member of the class

being paid less than time and one half of their regular rate for each overtime worked each workweek.

77.

At all times during the three years prior to the filing of this Complaint, Defendant violated 29 U.S.C. § 207 by failing to pay overtime wages to the members of the Proposed Class in the same manner as alleged above with respect to Plaintiffs Gantt and Stout.

78.

Stout is, therefore, entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), as well as entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C, and his reasonable attorney's fees and costs in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

79.

All such individuals similarly situated and members of the Proposed Class would benefit from the issuance of a Court supervised Notice of Lawsuit and opportunity to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

80.

All such individuals similarly situated to Plaintiffs and members of the Proposed Class are readily identifiable, and can be located through the records of Express Oil.

81.

Upon information and belief, in failing to include the amount of commissions in calculating the regular rate for purposes of calculating the applicable overtime pay rate, Defendant has not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

82.

Upon information and belief, in failing to include the amount of commissions in calculating the regular rate for purposes of calculating the applicable overtime pay rate, Defendant has not relied on any legal advice indicating that such practice was permitted under the FLSA.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a) Take jurisdiction of this matter;

b) Certify the class and permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216(b) for those employees, past or present, who opt to participate by filing proper written notice with the Court;

c) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

d)     Grant a trial by jury as to all matters properly triable to a jury;

e)     Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

f)     Award each Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

g)     Award each member of the class Plaintiffs represent proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

h)     Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

i)     Award Plaintiffs and each member of the class they represent nominal damages;

j)     Award each Plaintiff and each member of the class they represent their reasonable attorneys' fees and costs of litigation; and

k)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted,


                                            **DELONG CALDWELL BRIDGERS**
                                            **FITZPATRICK & BENJAMIN, LLC**

                                            */s/Charles R. Bridgers*
3100 Centennial Tower                    Charles R. Bridgers
101 Marietta Street                      Ga. Bar No. 080791
Atlanta, Georgia 30303                 Mitchell D. Benjamin
(404) 979-3171                          Ga. Bar No. 049888
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com          **Counsel for Plaintiffs**
benjamin@dcbflegal.com